IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>**Plaintiff,**<br><br>v.<br><br>JOSÉ M. TORRES-DÍAZ,<br><br>**Defendants.** | Criminal No. 23-410 (FAB) |

**OPINION AND ORDER**

BESOSA, Senior District Judge.

Before the Court is defendant José Torres-Díaz ("Torres-Díaz")'s objections to the Report and Recommendation ("R&R") issued by Magistrate Judge Giselle López-Soler ("the magistrate judge"). (Docket No. 49.) The R&R recommended that Torres-Díaz's motion to dismiss (Docket No. 22) and the supplemental motion to dismiss (docket No. 34) be denied. (Docket No. 42.) For the following reasons the Court **ADOPTS** the R&R (Docket No. 42) and **DENIES** both defendant's motions to dismiss. (Docket Nos. 22, 34.)

I.  **Background**

On August 19, 2022, Torres-Díaz was convicted on two charges of possession of a firearm without a license in violation of Article 6.08 of Puerto Rico Law 168. (Docket No. 22-1.) On October 23, 2023, while on probation following his convictions, Torres-Díaz was travelling by car with other persons when unidentified

individuals fired multiple bullets at the vehicle. The defendant received several shots, and three firearms were recovered at the scene. (Docket Nos. 22, 29.) On November 1, 2023, Torres-Díaz was charged with violations of 18 U.S.C. § 922(g)(1) (felon in possession of firearm and ammunition) and 18 U.S.C. §922(o) (possession of a machinegun). (Docket No. 3.) The defendant filed two motions to dismiss the indictment, challenging the constitutionality of sections 922(g)(1) and 922(o) pursuant to the Second Amendment of the U.S. Constitution, and premised on the United States Supreme Court's decision in <u>New York State Rifle & Pistol Association, Inc. v. Bruen</u>, 597 U.S. 1 (2022). (Docket Nos. 22, 34.)  The motion was referred to the magistrate judge who recommended that both motions be denied. (Docket No. 42.) The defendant timely objected to the R&R. (Docket No. 49.)

## II. Legal Standard

A district court may refer a pending motion to a magistrate judge for a report and recommendation.  <u>See</u> 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(a); Loc. Rule 72(b).  Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report.  Loc. Rule 72(d).  <u>See</u> 28 U.S.C. § 636(b)(1). The objections must specifically identify the portions of the Report and Recommendation to which objections are made and

Civil No. 23-410 (FAB)                                                  3

state the basis for such objections. Id.  A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Ramos-Echevarría v. Pichis, Inc., 698 F.Supp. 2d 262, 264 (D.P.R. 2010); Sylva v. Culebra Dive Shop, 389 F.Supp. 2d 189, 191-92 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)).

Failure to comply with this rule precludes further review. See Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Borden v. Secretary of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987).  In conducting its review, a court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(a)(b)(1); Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985); Álamo Rodríguez v. Pfizer Pharmaceuticals, Inc., 286 F.Supp.2d 144, 146 (D.P.R. 2003).  Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object. See Hernández-Mejías v. General Elec., 428 F.Supp.2d 4, 6 (D.P.R. 2005) (citing Lacedra v. Donald W. Wyatt Detention Facility, 334 F.Supp. 2d 114, 125-126 (D.R.I. 2004)).

**III. Discussion**

Torres-Díaz objects to the magistrate judge's recommendations for four reasons.  In his objections, he first argues that the R&R

Civil No. 23-410 (FAB)                                                                 4

relies on outdated case law and Supreme Court *dicta* to recommend the denial of the defendant's facial challenge to Section 922(g)(1). (Docket No. 49 at p. 1.)  Second, the defendant claims the R&R's analysis of Second Amendment history is incorrect. Id. Third, Torres-Díaz believes the magistrate judge erred in her application of United States v. Rahimi, 602 U.S. 680 (2024) to his constitutional challenge. Id. Fourth, Torres-Díaz objects to the case law applied by the magistrate judge to his challenges to section 922(o). Id.

While the defendant does the minimum in laying out the above objections and reincorporates his previous arguments, his objections lack specificity.  Many of the objections do little, if anything, to explain where the magistrate judge erred.  It is well established that undeveloped arguments are waived. See J. Cajigas & Assocs., PSC v. Municipality of Aguada, No. CIV. 13-1359 (JAF), 2014 WL 320653 (D.P.R. Jan. 29, 2014) (Fuste, J.) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are deemed waived.") (citing Medina-Rivera v. MVM, Inc., 713 F.3d 132, 140-41 (1st Cir.2013). Out of an abundance of caution, however, the Court has reviewed *de novo* the portions of the R&R to which the defendant has objected, and discusses the objections below.

**1. The R&R's Reliance on Pre-_Bruen_ Case Law**

The First Circuit Court of Appeals evaluated a challenge to section 992(g)(1) in United States v. Torres-Rosario, 658 F.3d 110 (1st Cir. 2011) which the magistrate judge discusses in her recommendations. The R&R recommends the Court follow Torres-Rosario's rejection of an as-applied challenge to the constitutionality of section 992(g)(1) because Torres-Rosario "has not unmistakably been cast into disrepute by supervening authority." (Docket No. 42 at p. 6); see also Eulitt v. Me. Dep't of Educ., 386 F.3d 344, 349 (1st Cir. 2004) (discussing the standard for when courts may set aside First Circuit precedent) (additional quotations omitted). The defendant argues that this recommendation "is not right," and goes on to state that, "the Supreme Court's decision in Bruen is precisely the type of supervening authority that annuls Torres-Rosario's precedential value by shedding means-end scrutiny in favor of [a] two-step historical analysis." (Docket No. 49 at p. 2.) This is a bold assertion, but the defendant does not cite to a single case in support of his argument. To persuade the Court to abandon binding First Circuit precedent and make a determination that prior caselaw has "unmistakably been cast into disrepute" the defendant must provide more. Indeed, if defendant's assertion is correct, then when _Bruen_ shifted from means-end scrutiny in favor of a historical

Civil No. 23-410 (FAB)                                                    6

approach all prior second amendment caselaw lost its precedential value.  In fact, Torres-Rosario determined that Supreme Court's Second Amendment jurisprudence, as set forth in D.C. v. Heller, 554 U.S. 570, 627 (2008) and McDonald v. City of Chicago, Ill., 561 U.S. 742 (2010) was not intended to change longstanding regulatory measures such as the prohibition on felons possessing firearms.  Torres-Rosario, 658 F.3d at 113.  The Court's reading of Bruen does not find that this conclusion has clearly and unmistakably been overturned. Without any caselaw to support his assertion, the defendant cannot demonstrate that Torres-Rosario holds no precedential value and as such, the case still binds this Court.

### 2. The Government's Historical Analog Burden

Torres-Díaz next objects to the R&R's finding that the government has met its burden under Bruen to provide historical analogs of Second Amendment restrictions.  The defendant has not engaged with any of the arguments set forth in the R&R, however, nor does he set forth any new reason as to why the government has not met its burden.  It is well settled that objections to an R&R must state the basis for the objection in order to trigger *de novo* review. Fed. R. Civ. P. 72(b)(2;) see also Rice v. Kennedy, No. CV 23-11940-NMG, 2024 WL 3377939 *1 (D. Mass. July 10, 2024).

Civil No. 23-410 (FAB)                                                    7

    The R&R dives deeply into the history of the second amendment and a thorough analysis of why the government met its historical burden. (Docket No. 42 at p. 9-11.) A key point in the R&R is that Bruen does not require exact matches, but rather a historical analog. Id.; see also Bruen, 597 U.S. at 30.  The government has provided four such historical analogs and the R&R has explained in depth why each of them allows for the government to meet its burden. Id.  Torres-Díaz, in contrast, does not explain where the magistrate judge erred and instead merely reincorporates the arguments made in his supplemental motion (Docket no. 34) which the magistrate judge also ruled on. (Docket No. 49 at p. 3.) This is not a specific objection and thus review of this issue has been waived. See J. Cajigas & Assocs., PSC v. Municipality of Aguada, No. CIV. 13-1359 JAF, 2014 WL 320653 (D.P.R. Jan. 29, 2014) (Fuste, J.). Nonetheless, the Court has conducted a review of the government's proffered historical analogs and agrees with the R&R. Colonial era laws disarming Native Americans, religious minorities, and groups that refused to swear loyalty oaths are all apt examples from the nation's history of Second Amendment rights being restricted for certain groups deemed a potential threat. (Docket No. 42 at p. 10.)

**3. The R&R's Adherence to Rahimi**

Defendant's third objection is that the R&R did not take into account the Supreme Court's ruling in United States v. Rahimi, 602 U.S. 680 (2024). Defendant quotes Rahimi as holding that "our tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others." Rahimi 602 U.S. at 700. From this holding, the defendant creates a six-factor test that, in his telling, encompasses the totality of permissible firearms regulations pursuant to the Second Amendment. The six factors are: (1) an individual must be a threat for a specific reason; (2) the finding must be made by a court; (3) the threat must be credible; (4) the threat must be violent; (5) the credible threat of violence must be to another; and (6) the resulting prohibition must be temporary. (Docket No. 49 at p. 4.) Torres-Díaz argues that Rahimi instructs courts to follow this test before determining if a prohibition on a defendant owning firearms is permissible. Id. The magistrate judge found this reading of Rahimi to be "*at best* off mark." (Docket No. 42 at p. 12) (emphasis in original). This is an understatement. Not only does Rahimi not articulate this test anywhere in the opinion, but Rahimi explicitly states that the Supreme Court "*[does] not* suggest that the Second Amendment prohibits the enactment of laws banning the possession of guns by

Civil No. 23-410 (FAB)                                                              9

categories of persons." Rahimi 602 U.S. at 682; (emphasis added). The defendant has created this six-factor test out of whole cloth, it is inconsistent with any applicable Second Amendment precedent and must be rejected.

**4. Challenges to Section 922(o)**

Defendant's next set of objections are to the magistrate judge's determination that section 922(o) (possession of a machinegun) is constitutional both facially and as applied to the defendant. Specifically, the defendant objects to the R&R's reliance on Ocean State Tactical, LLC v. Rhode Island, 95 F.4th 38 (1st Cir. 2024) in its analysis. In Ocean State, the First Circuit Court of Appeals found that Rhode Island's wholesale ban on large capacity magazines was constitutional under Bruen. Ocean State, 95 F.4th at 54. The defendant argues, however, that Ocean State is not binding authority because Ocean State did not properly engage with historical analogs as required by Bruen. This argument is unavailing. The First Circuit Court of Appeals explicitly contemplated the Bruen framework and discussed why a lack of on-point historical traditions to guide the court allowed for analogical reasoning. Id. at 34. Once again, the defendant runs headlong into binding First Circuit authority which, as the R&R notes, supports the government's position that the Second Amendment does not protect machinegun ownership. See Id. at 48,

Civil No. 23-410 (FAB)                                                    10

52; (discussing how bans on M-16 rifles, Bowie knives, sawed off shotguns, and large capacity magazines do not violate the Second Amendment.)  Furthermore, the Court concurs with the R&R's finding that Bevis v. City of Naperville, Illinois, 85 F.4th 1175 (7th Cir. 2023), in which the Seventh Circuit Court of Appeals found that the reference to "Arms" in the Second Amendment does not extend to machineguns, is persuasive on this matter. Bevis 85 F.4th at 1193.

Torres-Díaz last objection is to the magistrate judge's finding that the Supreme Court has "not held that states may permissibly regulate *only* unusual weapons." (Docket No 42 at p. 15) (emphasis added).  The defendant avers that the government may only regulate unusual weapons and furthermore, that machineguns are not unusual. (Docket No. 49 at p. 5.)  The defendant, however, does not present a clear argument as to why this finding was erroneous.  Instead, the defendant believes that the R&R's conclusion "stands on shaky legal ground ... given the Supreme Court's recent Second Amendment jurisprudence." Id.  The Court disagrees.  The magistrate judge's finding is factually accurate. While the Supreme Court has identified a historical prohibition of dangerous and unusual weapons, it has not ruled that states may only regulate unusual weapons. See D.C. v. Heller, 554 U.S. 570, 627 (2008).

Civil No. 23-410 (FAB)                                                    11

## IV. Conclusion

For the above reasons the Court **ADOPTS** the R&R in full (Docket No. 42), and **DENIES** both the defendant's motion to dismiss and the supplemental motion. (Docket Nos 22, 34.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 10, 2024.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE